## BOSKOWITZ v. SULZBACHER.

(Supreme Court, Appellate Division, First Department.    June 3, 1910.)

1. APPEAL AND ERROR (§ 562*)—RECORD—EXHIBITS—PHOTOGRAPHIC COPIES.
   Plaintiff could not be compelled to include photographic copies of checks in his case on appeal, where it did not appear that the reproduction of the checks in that form would be of any more value in determining the appeal than copies made in the usual manner.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2495–2499; Dec. Dig. § 562.*]

2. APPEAL AND ERROR (§ 566*)—CASE ON APPEAL—CONTENTS—AMENDMENT.
   Where testimony and exhibits essential to a proper review of a judgment have been omitted from the case on appeal, they should be inserted by amendment.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2511–2514; Dec. Dig. § 566.*]

Appeal from Special Term, New York County.

Action by Jesse L. Boskowitz, as administrator, against Joseph H. Sulzbacher. From an order denying defendant's motion to resettle plaintiff's case, on plaintiff's appeal from a judgment for defendant dismissing the complaint on the merits, with costs, defendant appeals. Reversed, and motion granted in part.

See, also, 123 N. Y. Supp. 1107.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, CLARKE, and DOWLING, JJ.

Charles L. Craig, for appellant.
Clayton J. Heermance, for respondent.

DOWLING, J. This is an appeal from an order denying a motion to resettle plaintiff's proposed case on appeal from a judgment in favor of defendant dismissing the complaint upon the merits. So far as it is sought to compel the inclusion of photographic copies of certain checks, no good reason is shown why their reproduction in that form will be of any more value in the determination of the appeal than copies made in the usual manner. It is obvious, however, upon examination of the case as now made up, that testimony and exhibits have been omitted which are essential to a proper review of the judgment. The following proposed amendments are therefore allowed: Nos. 12, 29, 31, 135, 139, 206, 335, 339, 365, 378, 380, 382, 387, 388, 395, 396, 401, 402, 405, 414, 420, 426, 433, 434, 435, 438, 439, so much of 445 as shows that the purchase and sale book for October 13, 1902, was deemed to be called to the attention of the court, 446, 449, 450, 456, 457, 465, 466, 470, 471, 523, 524, 528, 531, 537, 559, 560, 561, 562, 563, 564, 565, 568½, 572, 577, 581, 751, 753, 834, 836 to 847, inclusive, 856, 857, 866, 868, 870, 872, 873, 874, 878, 882, and so much of 879 as calls for the printing in full of the following ledger accounts: Albert Ulmann; B. & O. acct.; Albert Ulmann, Regular; R. Ulmann; William M. Fleitman, Special; A. W. Sulzbacher; A. W. Sulzbacher, Special; C. J. Ludman; William Sulzbacher.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The order appealed from will therefore be reversed, with $10 costs and disbursements to appellant, and the motion for a resettlement of the pla'..tiff's proposed case on appeal granted, to the extent heretofore indicated, with $10 costs. All concur.